■ In the Matter of FRIENDS OF PORT CHESTER PARKS et al., Appellants, v GERALD LOGAN et al., Respondents. [760 NYS2d 214] —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the Village of Port Chester, dated February 27, 2002, which approved plans for the construction of a senior citizens' center and a community theater in Abendroth Park, the appeal is from a judgment of the Supreme Court, Westchester County (Barone, J.), entered August 7, 2002, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Abendroth Park is a 10.1-acre park located in the Village of Port Chester. The Board of Trustees of the Village of Port Chester (hereinafter the Village Board) proposed to build two structures within the park, a senior citizens' center and a community theater. The Village Board completed a long-form Environmental Assessment Form (hereinafter EAF). Subsequently, the Village Board declared that the proposed project would have no significant impact upon the environment and issued a negative declaration. The negative declaration set forth the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) status of the project as an "unlisted" action. Although the project originally called for altering 2.5 acres of the park, during the preparatory stages of the proposal, it was determined that to ensure superior access to the structures, 2.8 acres would be altered or disturbed. The Village Board later approved the construction of the senior citizens' center and the community theater. The appellant brought this proceeding pursuant to CPLR article 78 alleging, inter alia, that the Village Board erroneously declared this project as an unlisted action, thereby foregoing the need for an Environmen-

tal Impact Statement (hereinafter EIS). The Supreme Court dismissed the proceeding and this appeal ensued.

Since more than 25% of the parkland would be disturbed by the proposed project, it should have been designated as a Type I action for SEQRA purposes (see 6 NYCRR 617.4 [a] [6] [i]; [10]). SEQRA regulations provide that a Type I action carries a presumption that it is likely to have a significant adverse effect on the environment and may require an EIS (see 6 NYCRR 617.4 [a] [1]; Matter of S.P.A.C.E. v Hurley, 291 AD2d 563 [2002]). However, under the circumstances of this case, the failure to designate this project a Type I action and to provide an EIS does not require that the determination of the Village Board be annulled.

The Village Board, as lead agency, conducted a thorough examination of the proposed project. It was during the analysis conducted by the Village Board that the project was minimally altered by adding three tenths of an acre to it to better accommodate traffic flow. This modification was examined in an open manner with access and input by all interested parties. The petitioners fail to articulate how this small increase in acreage in the size of the project would result in a significant adverse environmental effect. Further, during the assessment process, the Village Board took a hard look at, among other things, balancing the loss of parkland with the anticipated benefit to the community of the project, drainage, and traffic. Also, the negative declaration was conditioned on the approval of the New York State Thruway Authority regarding traffic issues. The action taken by the Village Board overcame the presumption that the project would have a significant adverse effect on the environment (see 6 NYCRR 617.4 [a] [1]) and the Village Board sufficiently articulated the bases of its choices (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400 [1986]). Accordingly, the mere circumstance that the adjustment converted the project to a Type I action does not render the negative declaration improper for lack of an EIS (see generally Matter of Merson v McNally, 90 NY2d 742 [1997]), and the Supreme Court properly held that the determination of the Village Board was made in accordance with lawful procedure and was not arbitrary, capricious, or irrational (see Akpan v Koch, 75 NY2d 561 [1990]; see also CPLR 7803 [3]).

The appellants' remaining contentions are without merit. Ritter, J.P., Smith, Goldstein and H. Miller, JJ., concur.